UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-4311-KK-MRWx** | Date: | February 9, 2024 |
|---|---|---|---|

| Title: | *Tyshawn T. Williams v. Carl R. Weber et al* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     (In Chambers) Order DISMISSING Plaintiff's Fourth Amended Complaint Without Leave to Amend [Dkt. 30]**

I.
**INTRODUCTION**

Plaintiff, Tyshawn T. Williams ("Plaintiff") has filed a 1,675-page Fourth Amended Complaint ("4AC") against defendants Carl R. Weber, Karen R. Thomas, Jaquavis Coleman, Ashley Coleman, Urban Books Company, and Urban Audiobooks Company (collectively "Defendants") alleging 702 causes of action.  ECF Docket No. ("Dkt.") 30.  While unclear, the action appears to arise from allegations that Defendants misappropriated a work of fiction Plaintiff wrote while incarcerated.

II.
**BACKGROUND**

A.    **COMPLAINT**

On May 31, 2023, Plaintiff filed a 1,132-page Complaint against defendants Amazon, Barnes & Noble, Blackstone Audiobooks Company, Books-A-Million, Buck Fifty Productions, Cash Money Content Company, Ashley Coleman, Jaquavis Coleman, Findaway World Company, Kensington Publishing Corporation, Kindle, LSC Communications, MacMillan Audio, MacMiller Publishers, St. Martins Press, St. Martins Griffin Company, Target, Karen R. Thomas, Urban Audiobooks Company, Urban Books Company, Walmart, Carl R. Weber, and Brian Baby Williams.  Dkt. 1.  The Complaint had 5,447 paragraphs, asserted 587 claims for relief, and contained numerous

unidentified attachments.  Id.  While not at all clear, the Complaint appeared to arise from Plaintiff's claimed authorship of a copyrighted work entitled "Tha Cartel," ownership of an "unregistered trademark, 'Tha Cartel[,]'" and allegations defendants misused and infringed upon these works.  Id.

## B.    FIRST AMENDED COMPLAINT

On August 14, 2023, Plaintiff filed a 1,512-page First Amended Complaint ("FAC") against the same defendants.[1]  Dkt. 15.  The FAC had 5439 paragraphs, asserted 586 claims for relief, and contained seven exhibits.  Id.

On September 12, 2023, the Court dismissed the FAC with leave to amend for failure to comply with Rule 8(a).  Dkt. 22.  Among other things, the Court identified the following deficiencies: (1) the FAC named 23 defendants in the complaint caption but only identified 13 defendants in the body of the complaint; (2) the FAC asserted 586 "claims for relief" spanning well over 5,000 paragraphs, making it difficult to comprehend, and (3) the claims were asserted against all defendants without adequately indicating what allegedly wrongful conduct each defendant engaged in.  Id.  The Court also noted it questioned whether it had personal jurisdiction over several of the defendants.  Id. at 1 n.1.  The Court concluded that "[i]n short, defendants 'would have difficulty understanding and responding to the [FAC].'"  Id. at 1 (citations omitted).

## C.    SECOND AMENDED COMPLAINT

On October 3, 2023, Plaintiff filed a 1,632-page Second Amended Complaint ("SAC") against the same Defendants.  Dkt. 24.  The SAC had 5,845 paragraphs and asserted 701 claims for relief.  Id.

On October 30, 2023, the Court dismissed the SAC with leave to amend stating "rather than heed the [C]ourt's concerns regarding the FAC's deficiencies, including its length and failure to indicate the alleged wrongful conduct of each defendant identified in the caption, . . . the SAC is even more voluminous – spanning over 1,600 pages – and fails to identify all defendants named in the caption and what allegedly wrongful conduct each engaged in."  Dkt. 25 at 1.  The Court also noted Plaintiff failed to "show that the [C]ourt has personal jurisdiction over each defendant."  Id.  Nonetheless, the Court concluded that "[b]ecause plaintiff is appearing pro se, the court will give him one final opportunity to amend his complaint."  Id. at 1-2.

///

///

///

///

---

[1] As the Court noted in its Dismissal Order, while the FAC named 23 defendants in the caption, it only identified 13 defendants in the body of the complaint under the section identified as "parties."  Dkt. 22.

**D.      OPERATIVE FOURTH AMENDED COMPLAINT[2]**

On December 7, 2023, Plaintiff filed the operative 1,675-page Fourth Amended Complaint ("4AC") against Defendants.  Dkt. 30.  The 4AC has 5773 paragraphs, asserts 702[3] claims for relief, and contains nine attached exhibits.  Id.

**III.**
**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (internal quotation marks and citation omitted).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

---

[2] On November 22, 2023, Plaintiff filed a 1,678-page Third Amended Complaint ("TAC").  Dkt. 26.  However, the TAC lacked the required signature, thus, the Court issued a Notice of Deficiency.  See dkt. 27.  Plaintiff filed the 4AC prior to the Court striking, screening, or otherwise addressing the TAC.

[3] As with the prior complaints, there are notable discrepancies between the caption and the complaint.  For example, while the caption for the 4AC misleadingly lists only 17 claims, the 4AC contains 702 claims for relief.  Dkt. 30.

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**
**DISCUSSION**

**A.      THE 4AC FAILS TO COMPLY WITH RULE 8**

**1.      Applicable Law**

Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  FED. R. CIV. P. 8.  Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007).  "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (internal citation omitted).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000) (internal citation omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling."  Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant").  A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit."  McHenry, 84 F.3d at 1177 (stating Rule 8's requirements apply "to good claims as well as bad"); see also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

**2.      Analysis**

Here, Plaintiff's 4AC fails to comply with Rule 8.  As a preliminary matter, despite instructions from the Court, the 1,675-page 4AC is actually the longest complaint that has been filed in this action.  Similarly, the 702 claims being asserted in the 4AC are the most claims that have been asserted in any complaint filed in this action.  In other words, as the Court previously stated, rather than heed the Court's orders regarding the prior complaints' deficiencies, Plaintiff has actually made the 4AC longer than any other complaint and included more claims than any other complaint.  See Skinner v. Lee, No. 5:19-01116-DMG-ADSx, 2021 WL 6617390, at *10 (C.D. Cal. May 20, 2021), supplemented, No. 5:19-01116-DMG-ADSx, 2021 WL 6617444 (C.D. Cal. Oct. 1, 2021), report and recommendation adopted, No. 5:19-01116-DMG-ADSx, 2022 WL 179857 (C.D. Cal. Jan. 20, 2022),

and <u>report and recommendation adopted,</u> No. 5:19-01116-DMG-ADSx, 2022 WL 179857 (C.D. Cal. Jan. 20, 2022) (dismissing 117 page TAC without leave to amend after noting "Plaintiff has filed longer and longer complaints with each opportunity to amend, so the trend suggests Plaintiff would only continue to file longer complaints, providing more redundant and irrelevant conjecture without fixing the deficiencies"). As a result, the 4AC is precisely the opposite of "a short and plaint statement of the claim" required by Rule 8. <u>See Ramirez v. Exec. Branch of U.S.</u>, No. CV 12-2851-JSL-SSx, 2012 WL 3710612, at *5 (C.D. Cal. July 6, 2012), <u>report and recommendation adopted sub nom. Ramirez v. Exec. Branch of U.S.</u>, No. CV 12-2851-JSL-SSx, 2012 WL 3731407 (C.D. Cal. Aug. 27, 2012) (dismissing without leave to amend where "[t]he FAC does not even minimally comply with the standards set forth in Rule 8" – the "claims are not short and plain statements, nor are they simple, concise or direct . . ." rather, they are "long, rambling and incoherent allegations"). In fact, it is an understatement to say that the 4AC is "needlessly long. . . highly repetitive, [and] confused." <u>Cafasso</u>, 637 F.3d 1059. Neither the Court nor Defendants can identify the basis for Plaintiff's asserted claims. <u>See Jacobson v. Schwarzenegger</u>, 226 F.R.D. 395, 397 (C.D. Cal. 2005) ("Neither the court nor the defendants should be compelled to cull through pages of rambling narrative, argument and needless digression to discover the factual bases for the plaintiffs' claims."). The 4AC, thus, fails to provide Defendants with the required "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Dura Pharms., Inc.</u>, 544 at 346. Moreover, the 4AC is subject to dismissal under Rule 8 even if there might be "a few possible claims" with merit buried within its 1675 pages. <u>McHenry</u>, 84 F.3d at 1177.

## B.    THE 4AC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

As with each of the four prior complaints filed in this action, 4AC once again fails to comply with Rule 8. Despite being given several opportunities to correct the specific deficiencies the Court identified in dismissing the prior complaints with leave to amend, dkts. 22, 25, Plaintiff has failed to do so. <u>See Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992), as amended (May 22, 1992) (affirming dismissal where plaintiff failed to correct previously identified pleading deficiencies, noting "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively"); <u>see also, Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a second amended complaint without leave to amend where the second amended complaint "was equally as verbose, confusing and conclusory as the initial complaint").

Additionally, in light of Plaintiff's <u>pro se</u> status, the Court has provided him multiple opportunities to address these deficiencies, including a specific warning in the last Order that "[b]ecause plaintiff is appearing <u>pro se</u>, the court will give him one final opportunity to amend his complaint." Dkt. 25 at 1-2; <u>see Osollo v. Darling-Hammond</u>, No. 2:16-CV-03045-SJO-SHKx, 2018 WL 3127418, at *13 (C.D. Cal. Feb. 27, 2018), <u>report and recommendation adopted,</u> No. 2:16-CV-03045-SJO-SHKx, 2018 WL 3129766 (C.D. Cal. June 19, 2018), <u>aff'd,</u> 795 F. App'x 536 (9th Cir. 2020) (dismissing 4AC without leave to amend noting among other reasons "the Court has already warned Plaintiff that failure to cure the deficiencies in the 4AC, namely the length and repetitive nature of his claims" would result in dismissal). Despite this last chance, the 4AC is arguably the most egregious violation of Rule 8 thus far.

In light of Plaintiff's failure to address the deficiencies in the 4AC in any meaningful way, further leave to amend would be futile. <u>Pearce v. LA Cnty. Jail Peace Officer/Corr. Officer</u>, No. CV 17-8092-JLS-JCx, 2018 WL 3339646, at *2 (C.D. Cal. July 5, 2018) (finding where plaintiff is

"unwilling to draft a complaint that states viable claims for relief [the Court] deems such failure an admission that amendment is futile").  Hence, the 4AC should be dismissed without leave to amend.  See Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) ("[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987))).

## V.
## CONCLUSION

For the reasons set forth above, the 4AC is dismissed without leave to amend.  Thus, the Clerk of Court is ordered to close this Action. (JS-6)

**IT IS SO ORDERED.**